Lawrence S. Lustberg
Jonathan M. Manes
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102

Claudia Slovinsky
Leena Khandwala
**CLAUDIA SLOVINSKY & ASSOCIATES PLLC**
233 Broadway, Suite 2005
New York, NY  10279

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMMAD MAHDI AHMAD HASSAN QATANANI; and CLAUDIA SLOVINSKY,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE AND ITS COMPONENT FEDERAL BUREAU OF INVESTIGATION; and DEPARTMENT OF HOMELAND SECURITY AND ITS COMPONENT U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking to enforce two requests for records ("Requests") from the Federal Bureau of Investigation, a component of the United States Department of Justice, and U.S. Customs and Border Protection, a component of the United

States Department of Homeland Security.  These Requests were served more than five months ago, but the Defendants have failed to produce even a single responsive document, or provide any other substantive response.  Plaintiffs brings this action to compel immediate disclosure of all records responsive to Plaintiffs' Requests.

     2.     The Requests at issue in this action seek all information pertaining to the Plaintiff, Dr. Mohammad Qatanani, who has for the past 16 years served as Imam of the Islamic Center of Passaic County, one of New Jersey's largest and most diverse mosques.  Dr. Qatanani has a wife and five children, three of whom were born in the United States.

     3.     Dr. Qatanani applied for lawful permanent residency (a "Green Card") in 1999, three years after immigrating to the United States with his family on a work visa.  His application remained pending for 7 years, with no action taken on it.  In July 2006, federal immigration authorities commenced removal proceedings against him.  In September 2008 an Immigration Judge ruled in Dr. Qatanani's favor, ordering that he not be deported but instead be granted the lawful permanent resident status for which he had applied.  The government appealed that decision to the Board of Immigration Appeals ("BIA"), which remanded the case in October 2009 for further factual development before the Immigration Judge.  The factual hearing on remand was originally scheduled for May 2012, but has since been adjourned until November 2012.

     4.     Dr. Qatanani was interviewed by an FBI agent in 2006 in connection with his pending application to obtain a Green Card, and an FBI agent testified at Dr. Qatanani's Immigration Court hearing in 2008.  At least one of the Defendant agencies therefore certainly possesses records relevant to Dr. Qatanani's immigration proceedings; it is likely that both do.  These records are likely to be crucial to the fair adjudication of Plaintiff Qatanani's case and,

consequently, may determine whether he and his family are permitted to remain in this country, where they have made their lives for the better part of two decades, or instead are removed against their will. Accordingly, Plaintiff Claudia Slovinsky, Dr. Qatanani's immigration attorney, filed the Requests at issue in this action on Dr. Qatanani's behalf and with his express consent.

5. Plaintiffs specifically asked the Defendants to process their Requests on an expedited basis, in light of the pending immigration proceedings. Yet, five months later, the Defendant agencies have failed even to issue a determination as to whether expedited processing would be granted, let alone provide a substantive response to Plaintiffs' Requests. This is in flagrant violation of the FOIA, which mandates prompt adjudication of requests within twenty days of receipt and requires that requests for expedited processing be adjudicated even more quickly, within ten days of receipt.

6. Plaintiffs bring this action in order to compel the defendant agencies to immediately search for and produce all documents responsive to Plaintiffs' Requests, as they are required to do by law.

**JURISDICTION AND VENUE**

7. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

8. Venue is appropriate in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9. Plaintiff Mohammad Mahdi Ahmad Hassan Qatanani is the Imam of the Islamic Center of Passaic County and has resided in New Jersey since 1996. Dr. Qatanani expressly authorized his attorney, Plaintiff Claudia Slovinsky, to file the Requests at issue in this action on his behalf.

10. Plaintiff Claudia Slovinsky is an attorney licensed to practice law in the States of New Jersey and New York. She resides in New Jersey. She submitted the Requests at issue in this action.

11. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant Federal Bureau of Investigation ("FBI") is a component of DOJ.

12. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). U.S. Customs and Border Protection ("CBP") is a component of DHS.

## FACTS

### Department of Homeland Security/Customs and Border Protection FOIA

13. On January 10, 2012, Plaintiffs submitted a FOIA Request to CBP seeking "any and all records held by the U.S. Customs and Border Protection regarding Dr. Qatanani and any and all other records maintained by the U.S. Department of Homeland Security regarding him . . . ."

14. The January 10, 2012 Request to CBP also sought expedited processing, explaining that Dr. Qatanani was in the midst of removal proceedings. In support of this

Request, Plaintiffs attached a notice from the Immigration Court scheduling Dr. Qatanani's upcoming factual hearing, at which the responsive records would be necessary to his defense.

15. Also attached to the January 10, 2012 FOIA Request was a notarized consent form, signed and sworn to by Dr. Qatanani, authorizing Ms. Slovinsky "to obtain and review any and all information pertaining to [him]."

16. By letter dated June 2, 2012, Dale G. Martin, Acting Director of the FOIA Division of the CBP, confirmed that the January 10, 2012 Request had been received by CBP on January 13, 2012. Mr. Martin's letter acknowledged "the delay in processing your request" and asked Plaintiffs to provide "confirmation of your continued interest in pursuing these records within 30 days from the date of this letter, or we will assume you are no longer interested in this FOIA request, and the case will be administratively closed."

17. On June 12, 2012, Leena Khandwala, an attorney in Ms. Slovinsky's law office, responded in writing to Mr. Martin's June 2, 2012 letter, confirming that Plaintiffs still required the records requested, and urging CBP to provide the records as soon as possible.

18. Plaintiffs have received no further communication from CBP or DHS.

19. Despite the fact that the Request has been pending for more than five months, CBP and DHS have not produced a single document in response to this Request; nor have CBP or DHS identified any responsive documents withheld pursuant to any statutory exemption or exclusion from disclosure. Indeed, it appears that CBP and DHS have not even begun searching for responsive documents.

<u>Department of Justice/Federal Bureau of Investigation FOIA</u>

20. On January 26, 2012, Plaintiffs submitted a FOIA Request to the FBI seeking "any and all records held by the Federal Bureau of Investigation regarding Dr. Qatanani . . . ."

21. The January 26, 2012 Request to the FBI also sought expedited processing, explaining that Dr. Qatanani is in the midst of removal proceedings. In support of this Request, Plaintiffs attached a notice from the Immigration Court scheduling Dr. Qatanani's upcoming factual hearing, at which the responsive records would be necessary to his defense.

22. Also attached to the January 26, 2012 FOIA Request was a notarized consent form, signed and sworn to by Dr. Qatanani, authorizing Ms. Slovinsky "to obtain and review any and all information pertaining to [him]."

23. By letter dated March 5, 2012, David M. Hardy, Section Chief of the Record/Information Dissemination Section of the FBI, acknowledged receipt of Plaintiffs FOIA Request.

24. By email dated June 7, 2012, David P. Sobonya, Public Information Officer/Legal Administration Specialist in the FBI Records Management Division asked Plaintiffs to "provide a copy of the notarized consent form which was not attached to" the January 26, 2012 Request. In fact, Plaintiff Slovinsky *did* attach the notarized consent form to the January 26, 2012 Request.

25. June 8, 2012, Ms. Slovinsky's law office responded by email to Mr. Sobonya by attaching an additional copy of the notarized consent form. The email also reiterated Plaintiffs' request to expedite the FBI's processing of the Request.

26. On June 12, 2012, Leena Khandwala, an attorney in Ms. Slovinsky's law office, sent to Mr. Sobonya by email another complete copy of the Plaintiffs' January 26, 2012 FOIA Request, including the notarized consent form. Ms. Khandwala's email stated that "the notarized consent form was included with the original request" and further noted that Ms. Khandwala had spoken to Mr. Sobonya regarding the Request on March 27, 2012, at which time he had not

indicated that the consent was missing. Ms. Khandwala also noted that the Request had, at that time, already been pending for over four months.

27. Plaintiffs have received no further communication from the FBI or DOJ.

28. Despite the fact that the Request has been pending for more than five months, the FBI has not produced a single document in response to this Request, nor has the FBI identified any responsive documents withheld pursuant to any statutory exemption or exclusion from disclosure.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO GRANT REQUEST FOR EXPEDITED PROCESSING

29. Defendants have failed to render a decision on Plaintiffs' request for expedited processing within ten days, in violation of 5 U.S.C. § 552(a)(6)(E)(ii)(I); 6 C.F.R. § 5.5(d)(4); and 28 C.F.R. § 16.5(d)(4).

30. Plaintiffs have a compelling need for the expedited processing of the requested records because, among other reasons, Defendants' failure to process the records on an expedited basis will result in a loss of Due Process rights and substantial prejudice to Dr. Qatanani in the defense of the removal proceedings pending against him.

31. Defendants' failure to grant expedited processing violates 5 U.S.C. § 552(a)(6)(E)(i); 6 C.F.R. § 5.5(d)(1); and 28 C.F.R. § 16.5(d)(1).

### SECOND CAUSE OF ACTION
### FAILURE TO TIMELY RESPOND TO PLAINTIFFS' REQUESTS.

32. Defendants have failed to grant or deny Plaintiffs' Requests, or to offer any substantive response at all, within twenty days, in violation of 5 U.S.C. § 552(a)(6)(A)(i); 6 C.F.R. § 5.6(b); and 28 C.F.R. § 16.6(b).

33. Defendants have not invoked any provision of FOIA or their implementing regulations that might lawfully toll the twenty-day deadline.

## THIRD CAUSE OF ACTION
## FAILURE TO MAKE PROMPTLY AVAILABLE THE REQUESTED RECORDS

34. Defendants have not produced any responsive records despite the fact that the Requests were filed more than five months ago. Defendants have not justified the withholding of any records as exempt or excluded from disclosure pursuant to 5 U.S.C. §§ 552(b)-(c). Defendants thereby violate 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A); 6 C.F.R. §§ 5.6(b)-(c); and 28 C.F.R. §§ 16.6(b)-(c).

## FOURTH CAUSE OF ACTION
## FAILURE TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS

35. Defendants' failure to make a reasonable effort to search for records responsive to Plaintiffs' Requests violates 5 U.S.C. § 552(a)(3)(C).

**REQUESTED RELIEF**

WHEREFORE the Plaintiffs respectfully request that the Court:

(a) Order the Defendants immediately to process all requested records;

(b) Order the Defendants to conduct a thorough search for all responsive records;

(c) Order the Defendants to promptly disclose the requested records in their entirety, and to make copies available to the Plaintiffs;

(d) Award Plaintiffs' their costs and attorneys fees incurred in this action; and

(e) Grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

/s/Lawrence S. Lustberg
Lawrence S. Lustberg
Jonathan M. Manes
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102
(973) 596-4500 (tel)
(973) 639-6285 (fax)
LLustberg@gibbonslaw.com
JManes@gibbonslaw.com

Claudia Slovinsky
Leena Khandwala
**CLAUDIA SLOVINSKY & ASSOC. PLLC**
233 Broadway, Suite 2005
New York, NY  10279
(212) 925-0101 (tel)
(212) 219-9412 (fax)
cslovinsky@slovinsky.com
lkhandwala@slovinsky.com

*Attorneys for the Plaintiffs*

DATED: June 29, 2012